**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAOTICA CORP., <br><br> Plaintiff, <br><br> v. <br><br> NINGBO ALCTRON ELECTRONICS TECHNOLOGY CO, LTD., AND JOHN DOES 1-10, <br><br> Defendants. | Case No: 8:20-cv-00080-JVS-DFM |

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NINGBO ALCTRON ELECTRONICS TECHNOLOGY CO, LTD.**

Plaintiff Kaotica Corp. ("Kaotica" or "Plaintiff") and Defendant Ningbo Alctron Electronics Technology Co, Ltd. ("Alctron" or "Defendant") have agreed to a compromise and settlement of this action for patent infringement as to the claims, defenses and counterclaims that were or could have been asserted against each other in this action.

**WHEREFORE**, with the consent of the Kaotica and Alctron, through their undersigned attorneys, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over Kaotica and Alctron and over the subject matter of this action for entry and enforcement of this Stipulated Judgment and Permanent Injunction.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. According to the records of the United States Patent and Trademark Office ("USPTO"), Kaotica is the owner by assignment of United States Patent No.

8,737,662 (the "'662 Patent" or "Patent-in-Suit") entitled "Noise Mitigating Microphone Attachment." The '662 Patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2014.

4. According to the records of the USPTO, Kaotica owns all right, title and interest in and to the '662 Patent, including all rights to sue and recover for past and future infringement.

5. In this action, Kaotica has alleged that Alctron, in violation of 35 U.S.C. § 271, makes, uses, offers for sale, sells, and/or imports into the United States its Alctron PF8 PRO and Alctron PF8 products (individually and collectively the "Accused Products") and that the Accused Products have been sold and are offered for sale in the United States.

6. Based on the parties' agreement, Alctron, its parents, subsidiaries and their respective officers, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, that are under Alctron's control, are permanently enjoined from: (a) the manufacture, use, sale, offer for sale, advertising, promotion and importation of the Accused Products (and other products that are only colorably different therefrrm in the context of the claims of the '662 patent) in and to the United States and (b) inducing others to manufacture, use, sell, offer for sale, advertise, promote, and import the Accused Products (and other products that are only colorably different therefrom in the context of claims of the '662 patent) in and to the United States (the "Injunction"). The Injunction shall end on September 5, 2032, the expiration date of the '662 patent.

7. No damages are to be awarded to Kaotica based on acts of alleged infringement of the '662 patent by Alctron that occurred prior to the date of this judgment.

-2-
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NINGBO ALCTRON ELECTRONICS TECHNOLOGY CO, LTD.**

8. Nothing herein shall preclude Alctron from selling the Accused Products outside of the United States so long as it does not induce purchasers to import or resell the Accused Products to or in the United Sales. Such sales by Alctron shall be subject to Kaotica's foreign patent rights, if any.

9. Kaotica and Alctron shall bear their respective attorneys' fees and costs incurred in connection with this action.

10. Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms of this Stipulated Judgment and Permanent Injunction and for enforcing the separate confidential Settlement Agreement between Kaotica and Alctron.

11. The Injunction shall remain in full force and effect unless and until modified by order of this Court or upon the expiration of the '662 patent.

SO ORDERED:

Dated: March 31, 2020

_____
United States District Judge
James V Selna

| | | |
|---|---|---|
| 1 | SO STIPULATED: | TARTER KRINSKY & DROGIN LLP |
| 2 | Dated: March 31, 2020 | |
| 3 | | By: /s/ Mark J. Rosenberg |
| 4 | | Mark J. Rosenberg (*admitted pro hac vice*) |
| 5 | | 1350 Broadway<br>New York, New York 10018 |
| 6 | | Telephone: (212) 216-8000<br>Facsimile: (212) 216-8001 |
| 7 | | mrosenberg@tarterkrinsky.com |
| 8 | | Andrew R. Nelson (SBN 214895) |
| 9 | | FORTIS LLP<br>650 Town Center Drive, Suite 1530 |
| 10 | | Costa Mesa, CA 92626<br>Telephone: (714) 839-3800 |
| 11 | | Facsimile: (714) 795-2995<br>anelson@fortislaw.com |
| 12 | | |
| 13 | | *Attorneys for Plaintiff Kaotica Corp.* |
| 14 | | |
| 15 | | |
| 16 | SO STIPULATED: | MEI & MARK LLP |
| 17 | | |
| 18 | Dated: March 31, 2020 | By: /s/ Lei Mai |
| 19 | |     Lei Mei (CA SBN 240104) |
| 20 | | 818 18th Street NW, Suite 410<br>Washington, DC 20006 |
| 21 | | Telephone: 888-860-5678<br>Facsimile: 888-706-1173 |
| 22 | | mei@meimark.com |
| 23 | | *Attorneys for Defendant Ningbo Alctron Electronics Technology Co., Ltd.* |

-4-
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT
NINGBO ALCTRON ELECTRONICS TECHNOLOGY CO, LTD.**